IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES LUEDTKE,

                Petitioner,

v.                                                         OPINION AND ORDER

R.D. KEYES, Warden,                                       22-cv-158-jdp
FCI-Oxford,

                Respondent.

---

James Luedtke is an inmate at the Federal Correctional Institution in Oxford, Wisconsin. He is serving a 37-year term of imprisonment imposed by the Eastern District of Wisconsin in 2002 on convictions for bank robbery, brandishing a gun during a crime of violence, possessing a gun after being convicted of a felony, and two counts of making false statements to obtain a gun. After losing on direct appeal, Luedtke filed a motion in the district court under 28 U.S.C. § 2255 to vacate the criminal judgment, but he lost that, too, and the Seventh Circuit Court of Appeals denied him a certificate of appealability. *Luedtke v. United States*, No. 05-2905 (7th Cir. Mar. 10, 2006)(unpublished).

Between then and now, Luedtke has been housed at a number of different institutions. It appears that each time he transfers to a new jurisdiction, he files a new application for habeas corpus relief challenging the constitutionality of his conviction. To avoid § 2255's bar on successive petitions, he has attempted to seek relief by way of 28 U.S.C. § 2241, arguing that he is actually innocent and that the § 2255 remedy is illegal and unconstitutional. Federal district courts in Kentucky and California have dismissed these petitions for lack of jurisdiction and advised him that § 2241 is not the proper statute for raising his claims; those rulings have been upheld by the Sixth and Ninth Circuits. *Luedtke v. Berkebile*, No. 7:11-cv-00080 (E.D. Ky.

2011), *aff'd* No. 12-5036 (6th Cir. Sept. 27, 2012)(unpublished); *Luedtke v. Lake*, No. 1:19-cv-01034, *cert. of appealability denied*, No. 19-17466 (9th Cir. Mar. 5, 2021).

Now Luedtke is trying his hand in this court. He has filed a 51-page petition, styled as a petition for relief under § 2241, in which he raises 27 grounds for relief from his conviction. Dkt. 1. Having reviewed the petition and its attachments, it is plain that Luedtke is, once again, seeking to evade the procedural bar on successive § 2255 petitions by invoking § 2241. The only thing that appears to have changed since the last time he tried this is his location. But the federal law here is no different than it is in Kentucky or California. Here, as there, Luedtke cannot "use § 2241 as a means to circumvent the bar on successive § 2255 petitions because he is unhappy with that result." *Stevens v. Marberry*, 343 F. App'x 140, 141 (7th Cir. 2009) (citing *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998)). Accordingly, because it is plain that the petition is a successive petition for which Luedtke did not obtain prior authorization from the court of appeals as required by § 2255(h), his petition must be dismissed for lack of jurisdiction.

ORDER

IT IS ORDERED that:

1. James Luedtke's application for a writ of habeas corpus under 28 U.S.C. § 2241, dkt. 1, is DISMISSED for lack of jurisdiction.

2. His remaining motions (dkts. 2, 3, 9, and 12) are DENIED as moot.

Entered October 20, 2022.

BY THE COURT:
/s/

_____
JAMES D. PETERSON
District Judge